# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTROCT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **VOLT POWER, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00395-DCJ-JPM |
| | ) |
| **JAMES ERIC DEVILLE,** | ) |
| | ) |
| Defendant | ) |
| | ) |

### VOLT POWER'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

NOW INTO COURT comes Plaintiff, Volt Power, LLC ("Volt Power"), which moves for preliminary injunctive relief, against Defendant, James Eric Deville ("Deville"), and respectfully represents as follows:

1. The facts that give rise to the present request for injunctive relief are alleged in detail in Volt Power's Verified Complaint, Rec. Doc. 1, and Volt Power hereby adopts and incorporates the allegations set forth in its Complaint in their entirety.

2. As set forth in the Verified Company, Deville formerly served as the manager of Volt Power's Joint Use Division, until his sudden resignation from the company on January 4, 2021.

3. Prior to resigning from his position, Deville misappropriated Volt Power's trade secrets and other commercially sensitive business information (hereinafter, the "Misappropriated Information"), without the company's consent.

4. The Misappropriated Information includes, but is not limited to, pricing information and confidential documentation of Volt Power's progress on projects for its clients.

5. Since resigning from Volt Power, Deville has been using the Misappropriated Information to compete unfairly with Volt Power. Upon information and belief, Deville has been performing work for at least one of Volt Power's competitors, Shelton Energy, and he has been soliciting Volt Power's clients and employees on Shelton Energy's behalf.

6. Deville's conduct described herein and as set forth in Volt Power's Verified Complaint offends established public policy and is unethical, oppressive, unscrupulous and substantially injurious to Volt Power.

7. Deville's ongoing use of the Misappropriated Information presents a continued violation of the Louisiana Uniform Trade Secrets Act, Louisiana Revised Statutes 51:1431, *et seq.*, the Louisiana Unfair Trade Practices Act, Louisiana Revised Statutes 51:1401, *seq.*, and the federal Defend Trade Secrets Act, 18 U.S.C. §1836, *et seq*.

8. Finally, Deville's continued use of the Misappropriated Information also constitutes a breach of his fiduciary duties owed in his capacity as a management-level employee for Volt Power.

9. Volt Power has a clearly ascertainable and protectable right to: (i) prevent Deville's unauthorized disclosure and/or use of its confidential and proprietary business information, including, but not limited to, the Misappropriated Information; (ii) enforce its restrictive covenants with Deville; and (ii) prevent the poaching by Deville of its customers to the benefit of its competitors, including, but not limited to, Shelton Energy.

10. Volt Power has a strong likelihood of prevailing on the merits of its causes of action, including those causes of action that entitle Volt Power to injunctive relief and are set forth in the Verified Complaint.

11. Volt Power's remedy at law is inadequate, and it will suffer irreparable harm if injunctive relief is not granted, because, among other things, the company derives immeasurable value from the secrecy of its trade secrets and other confidential and proprietary information misappropriated by Deville. This protectable interest affords Volt Power a competitive advantage in the marketplace. If the *status quo* is not maintained, Volt Power will continue to lose this competitive advantage.

12. Deville will not be injured by the entry of an injunction, because he cannot properly claim injury from being enjoined from conduct of which he is legally prohibited from pursuing or to which he voluntarily obligated himself not to pursue.

13. The public interest is in favor of protecting property rights and fair competition in the marketplace. Certainly, the public interest is not offended by restraining Deville from using Volt Power's trade secrets and other confidential and propriety information, and from soliciting Volt Power's customers and employees, all to the company's detriment.

WHEREFORE, Volt Power respectfully requests the Court to enter judgment in its favor and award the following injunctive relief, all without bond:

A. Enjoining and restraining Deville and any third party with whom he has shared Volt Power's information (including documents created by referencing Volt Power's information) from any further use or possession of Volt Power's property;

B. Directing Deville and any third party with whom he has shared Volt Power's information (including documents created by referencing Volt Power's information) to return immediately all of Volt Power's property in their actual or constructive control;

C. Directing Deville and any third party with whom he has shared Volt Power's information (including documents created by referencing Volt Power's information) to provide verifiable forensic evidence that Volt Power's property was not disseminated to a third party and, if it was, provide verifiable forensic evidence that the party that received Volt Power's property has returned it to Volt Power and permanently purged any such information from all electronic devices, network accounts, and cloud-based storage accounts;

D.     Directing Deville and any third party with whom he has shared Volt Power's information (including documents created by referencing Volt Power's information) to allow Volt Power's selected forensic provider to conduct a full forensic inspection of electronic devices (including external storage devices) and network or web-based storage accounts, (e.g. shared drives, email, and cloud-based accounts), most likely to contain evidence of Deville's use/disclosure of Volt Power's property, in order to determine the scope of Deville's use of Volt Power's property and to ensure that all of Volt Power's property is returned;

E.     Restraining Deville and any third party with whom he has shared Volt Power's information (including documents created by referencing Volt Power's information) from performing any work on behalf of Shelton Energy, or any other competitor of Volt Power, including soliciting Volt Power's customers or employees, as a result of their possession and/or use of Volt Power's property; and

F.     Granting such other relief as the Court deems just and proper.

**HAMMONDS, SILLS, ADKINS, GUICE, NOAH & PERKINS, LLP**

By: */s/ Jon Guice*
   Jon Guice - State Bar No. 20841
   Linda Ewbank - State Bar No.21584
   1881 Hudson Circle
   Monroe, LA 71201
   Telephone: (318) 324 - 0101
   Facsimile: (318) 322 - 5375
   jguice@hamsil.com

**EVERSHEDS SUTHERLAND (US) LLP**

By: */s/ John T. Hays*
   Scott R. McLaughlin (*pro hac vice forthcoming*)
   State Bar No. 00791234
   John T. Hays (*pro hac vice forthcoming*)
   State Bar. No. 24101885
   1001 Fannin, Suite 3700
   Houston, TX 77002
   Telephone: (713) 470-6100
   Facsimile: (713) 654-1301
   ScottMcLaughlin@eversheds-sutherland.us
   JohnHays@eversheds-sutherland.us

**ATTORNEYS FOR VOLT POWER, LLC**

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, a copy of the foregoing was filed with the Court's ECF system, which will automatically send notice of this filing to all counsel of record.

/s/ Jon Guice
Jon Guice