c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VOLT POWER, LLC, <br> Plaintiff | CIVIL ACTION NO. 1:21-CV-00395 |
| VERSUS | JUDGE JOSEPH |
| JAMES ERIC DEVILLE, <br> Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Compel and for Attorney's Fees (ECF No. 89) filed by Defendant Shelton Energy Solutions, L.L.C. ("Shelton"). Shelton seeks to compel Plaintiff Volt Power, L.L.C. ("Volt Power") to produce for depositions Brian Palmer ("Palmer") and Melanie Nealis ("Nealis"). Shelton also seeks attorney's fees and costs. Volt Power opposes, and also seeks attorney's fees. ECF No. 104.

Because Shelton did not notice or subpoena the depositions of Palmer or Nealis as required by the formal rules of discovery, Shelton's Motion to Compel (ECF No. 89) is DENIED.

I. **Background**

On February 15, 2021, Volt Power originally filed a Verified Complaint and Request for Preliminary and Permanent Injunctive Relief (the "Complaint"), asserting federal claims under the Defend Trade Secrets Act (the "DTSA"), 18 U.S.C. § 1836, and related state-law claims against Defendant James Eric Deville ("Deville"). ECF No. 1. Volt Power asserted nine causes of action against Deville: (1) violation of

the DTSA; (2) specific performance; (3) breach of contract; (4) violation of the Louisiana Uniform Trade Secrets Act ("LUTSA"); (5) violation of the Louisiana Unfair Trade Practices Act ("LUTPA"); (6) unjust enrichment; (7) breach of fiduciary duties; (8) fraud, and; (9) injunctive relief. ECF No. 1.[1]

Deville responded with a Partial Rule 12(b)(6) Motion to Dismiss (ECF No. 7), seeking dismissal of Volt Power's claims for specific performance, breach of contract, and violation of LUTPA. Deville argued that these three claims hinged upon invalid and unenforceable non-competition and non-solicitation agreements. The Court denied Deville's motion, finding that Volt Power alleged sufficient facts to support the claims. ECF No. 33. Thereafter, Deville answered. ECF No. 38.

On September 16, 2021, Volt Power filed a First Amended Complaint ("Amended Complaint"), adding claims against Shelton. ECF No. 50. Deville is a former employee who served as Manager of Volt Power's Joint Use Division. *Id.* at 2. Volt Power claims Deville violated his restrictive covenant agreement before resigning by accepting a position with Shelton and soliciting Volt Power's employees and customers. *Id.* Volt Power further claims that Deville misappropriated trade secret information. *Id.* at 3.

Shelton responded with a Rule 12(b)(6) Motion to Dismiss (ECF No. 53). The Court denied the motion, holding that Volt Power alleged plausible claims under the DTSA, LUTSA, and LUPTA. ECF No. 67. Shelton then answered. ECF No. 77.

---

[1] Volt Power also filed a Motion for Entry of Preliminary Injunction. ECF No. 13. The Court granted that motion in part. ECF Nos. 34, 37.

Deville and Shelton have since filed various motions for summary judgment. ECF Nos. 57, 58, 59, 60, 91, 95, 97, 98. Shelton has also filed motions in limine to exclude expert witness Karl L. Killian and any non-disclosed expert witnesses. ECF Nos. 93, 94.

On August 31, 2022, after a hearing as to all motions, the Court granted partial summary judgment and dismissed the claims against Deville for fraud, unjust enrichment, and violations of non-compete and non-solicitation covenants. ECF Nos. 127, 128. The Court also granted Shelton's Motion in Limine to exclude any non-disclosed expert witnesses and limit lay opinion testimony. *Id.* at 2. Otherwise, the Court denied the remaining motions. *Id.*

Shelton now seeks to compel Volt Power's production of its purported officers – Palmer and Nealis – for depositions concerning a March 1, 2022 meeting with officers of Shelton, during which the lawsuit was apparently discussed without privilege. ECF No. 89. Shelton attaches email correspondence between counsel relating to the scheduling of those depositions. ECF Nos. 89-4, 89-5, 89-6, 89-7.

Shelton contends that Volt Power refuses to make the witnesses available. ECF No. 89-1 at 1. Shelton further claims that Palmer is the CEO of Volt Power and that Nealis is its General Counsel.[2] *Id.* Shelton contends that Nealis – by participating in the meeting – violated Louisiana Rule of Professional Conduct 4.2

---

[2] Volt Power counters that Palmer is in fact the CEO of Artera, the parent company of Volt Power. ECF No. 104 at 2-3. Volt Power disputes Shelton's representation of Palmer as the CEO of Volt Power. *Id.* Volt Power further represents that Nealis joined Artera one year after this litigation began and had been with the company 11 days prior to the meeting as its Chief Legal Officer and Secretary. *Id.* at 3. According to Volt Power, Nealis has a dual role as in-house counsel and corporate business leader. *Id.*

prohibiting ex parte communications with a represented party. *Id.* at 1-2. Shelton further claims that Volt's refusal to cooperate in discovery violates Rule 37 of the Federal Rules of Civil Procedure. *Id.* at 2.

Volt Power opposes and seeks attorney's fees. ECF No. 104. Volt Power argues that Shelton's CEO Michael Shelton ("Mr. Shelton") called the meeting and requested that lawyers not attend. ECF No. 104 at 1. Volt Power further asserts that the meeting did not involve privileged communications, and that there is no basis to depose Palmer and Nealis, who lack personal knowledge concerning the facts of the case. *Id.* at 2.

II. <u>Law and Analysis</u>

    A. <u>A party may depose a person without leave of court after proper reasonable written notice or by subpoena.</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). However, a court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 30 of the Federal Rules of Civil Procedure allows for discovery depositions to be taken of "any person" without leave of court. Fed. R. Civ. P. 30(a)(1). The deponent's attendance may be compelled by subpoena under Rule 45. *Id.*[3]

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). A court "may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent . . . fails, *after being served with proper notice*, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A) (emphasis added).[4] But "mere notice

---

[3] Otherwise, a party must obtain the court's permission to take a deposition if the parties have not stipulated to the deposition and "the deponent has *already* been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii) (emphasis added). Here, neither Palmer nor Nealis have already been deposed.

[4] Also, Federal Rule of Civil Procedure 30(b)(6) "allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Thereafter, the named organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* The scope of a corporate deposition is limited by Federal Rule of Civil Procedure 26. The Rule itself does not exclude depositions of attorneys. But federal courts disfavor depositions of a party's attorney and allow them only in limited circumstances. "Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). Additionally, a deponent need not answer a question in a deposition when necessary to "preserve a privilege." Fed. R. Civ. P. 30(c)(2).

However, Shelton does not seek to depose Palmer or Nealis as a corporate representative under Rule 30(b)(6).

5

of a deposition is insufficient to compel the attendance of any person that is not a party; a subpoena is required." *Utopia Entm't, Inc. v. Claiborne Par.*, 2007 WL 4560362, at *1 (W.D. La. Dec. 21, 2007).

### B. Shelton's Motion to Compel is premature.

The request for relief before the Court is to compel Nealis and Palmer to participate in depositions. Under these circumstances, the request is premature and procedurally unavailable.

According to Shelton, on February 28, 2022, Mr. Shelton, as CEO, contacted Palmer and requested a meeting to discuss the potential purchase of assets from Volt. ECF No. 89-1 at 3. Shelton claims it was hoping to find a business solution that could be used to resolve the lawsuit. *Id.* As such, Mr. Shelton asked that the meeting not include attorneys. Palmer allegedly agreed. *Id.* Mr. Shelton scheduled the meeting for the following day at Palmer's office in Atlanta, Georgia.[5] *Id.* Shelton's counsel represents that he had no part in orchestrating the meeting, first learning about it on March 1, 2022, just before Mr. Shelton boarded the flight to Atlanta. *Id.*

Mr. Shelton brought two Shelton employees, CFO Michael Carbo and technician Tony Jenkins[6] (collectively, the "Shelton Attendees"). Mr. Shelton maintains they were essential to any discussion of an equipment purchase. *Id.* On

---

[5] Volt Power states that the meeting took place at the office of Volt Power's parent company, Artera Services, L.L.C. ECF No. 104.

[6] Volt Power states that Jenkins is Shelton's Chief Operating Officer, as Carbo testified to on July 12, 2022, and not a "technician" as represented by Shelton. ECF No. 104.

arrival to Palmer's office, the Shelton Attendees learned of Palmer's invitation to Nealis. *Id.*

Shelton maintains that Nealis was briefed by Volt Power's counsel of record regarding the litigation.[7] *Id.* According to Shelton, Nealis was – or should have been – aware that the Shelton Attendees were represented in litigation against Volt Power. *Id.* Nealis did not have the consent of opposing counsel to speak to his clients or lobby them for settlement. *Id.* According to Shelton, Palmer and Nealis were focused solely on the lawsuit at the meeting, and tried to get Shelton to pay damages to Volt Power. *Id.*[8]

On March 9, 2022, Shelton's counsel asked Volt Power's attorneys to discuss the Atlanta meeting. ECF Nos. 89-6 at 7. Shelton's counsel stated they "learned yesterday that a lawyer for Volt (reportedly the "general counsel") attended the meeting and engaged [his] client about the lawsuit." ECF No. 89-6 at 7. Counsel asked for a full accounting of the meeting, and expressed concern that there had been

---

[7] Volt Power refutes this allegation, stating that neither Mr. McLaughlin nor Nealis had any inkling she would attend the meeting. ECF No. 104 at 5.

[8] Mr. Faircloth asserts that during this course of events, the Court circulated an inquiry on March 4, 2022 to the parties concerning a settlement conference. ECF Nos. 89-1 at 3-4, 89-4 at 1-2. In email correspondence between the counsel for the parties, Mr. Faircloth indicated he would discuss it with his clients but didn't believe Mr. Shelton would authorize payment considering that Deville no longer worked for Shelton and that Volt Power's "economic woes are its own doing." *Id.* Mr. Faircloth represents that at the time, he was unaware of the events at the Atlanta meeting. ECF No. 89-1 at 4. Mr. Faircloth then spoke with his client concerning the Atlanta meeting and requested that they have a "lawyers-only settlement conference." ECF Nos. 89-1 at 4, 89-5 at 1-2. Counsel for Volt Power Scott McLaughlin ("Mr. McLaughlin") requested the presence of parties at the conference. *Id.* Ultimately, a settlement conference was scheduled with no resolution.

a violation of Rule 4.2. *Id.* at 4. Volt Power's counsel replied with an account of the meeting. *Id.* at 3.

After a March 11 video conference call, Shelton's counsel emailed concerning Nealis's role at the meeting, alleging it poisoned any chances of settlement. ECF Nos. 89-6 at 2. Counsel asked for dates for the depositions of Palmer and Nealis. ECF Nos. 89-1 at 4-5, 89-6 at 2. Volt Power did not agree to voluntarily produce Palmer or Nealis. ECF Nos. 89-1 at 4-5, 89-6 at 1. On March 17, 2022, Shelton rejected Volt Power's settlement offer, and indicated the intent to seek an order allowing the depositions. ECF No. 89-6 at 1.

Subsequently, with a June 27 deadline for discovery motions, Shelton's counsel again requested deposition dates. ECF No. 89-1 at 5. And Volt Power again refused to voluntarily produce Palmer or Nealis for deposition. This Motion followed. *Id.* It was accompanied by a Rule 37 certificate. ECF No. 89-3.

The agreement of counsel regarding deposition dates is certainly preferable, it is not required by Rule 30. "The scheduling of depositions should be at a time and location mutually convenient." *Holden v. Perkins*, No. CV 20-2143, 2021 WL 4268737, at *4 (E.D. La. Mar. 19, 2021). But Rule 30 does not *require* agreement – only reasonable notice. Even absent agreement, counsel may provide notice and an enforceable subpoena. *See* Fed. R. Civ. P. 30; Fed. R. Civ. P. 45. The opposing party may then seek to quashal or other relief, if necessary.

Here, Shelton attempted, at length, to elicit agreement to depose Palmer and Nealis. The Court certainly approves of, and expects, such efforts. And in accordance

with procedural rules, the Court would not tolerate flat refusals to participate in the discovery process.

But here, Shelton did not formally comply with Rules 30 or 45.[9] Neither a deposition notice nor a subpoena was issued. And Volt Power's refusal to "voluntarily produce" the witnesses for deposition – while less than "cooperative" in at least some respects – was accompanied by substantive correspondence and engagement regarding the scope of discovery. Shelton's request for relief under Fed. R. Civ. P. 37 is thus premature and procedurally unavailable. *See Holden v. Perkins*, 2021 WL 4268737, at *4 (Mar. 19, 2021) ("[W]ithout a copy of Notices of Depositions and/or subpoenas, there is nothing for the Court to compel and/or enforce."); *see also Sunbelt Rentals, Inc. v. BJ Moore Trucking, LLC.*, No. 3:21-CV-00981, 2022 WL 2062161, at *1 (W.D. La. May 23, 2022), *report and recommendation adopted sub nom. Sunbelt Rentals, Inc. v. BJ Moore Trucking, LLC*, No. 3:21-CV-00981, 2022 WL 2056268 (W.D. La. June 7, 2022) ("To initiate a Rule 30(b)(6) deposition, the party seeking the deposition must send a notice of the deposition to the party that it seeks to depose. FED. R. CIV. P. 30(b)(1). The notice should state the time and place of the deposition and must describe with reasonable particularity the matters for examination."); *Bergeron v. Perrilloux*, 2009 WL 10680070, at *2 (E.D. La. May 12, 2009) ("While counsel may have expressed his intent to conduct discovery by way of depositions, intent alone is an insufficient basis for the instant motion to compel.").

---

[9] The Court notes that neither party briefs the procedural rules or jurisprudence concerning notice and subpoena for depositions. Instead, both parties focus on the general scope of discovery without addressing the ripeness of the issue before the Court.

### C. Shelton's Motion for Attorney's Fees (ECF No. 89) is denied.

Shelton also seeks sanctions under Rule 37 for Volt Power's alleged failure to cooperate in the discovery process.

Rule 37(a) of the Federal Rules of Civil Procedure provides that a court may award a prevailing movant the reasonable expenses incurred in making the motion. However, unless a motion is substantially justified or other circumstances make an award of expenses unjust, a court must, after giving an opportunity to be heard, require movant, the attorney filing the motion, or both to pay the party or deponent opposing its reasonable expenses incurred. Fed. R. Civ. P. 37(b).

Under these circumstances, Shelton's motion was substantially justified, and any award of sanctions against Volt Power would be unwarranted given the resolution of the motion and Volt Power's engagement beforehand. The parties will bear their own costs in connection with the motion.[10]

### III. Conclusion

For the foregoing reasons;

---

[10] The briefs concerning Palmer, Nealis, and the March 1, 2022 meeting, centered largely upon the parties' underlying disagreement as to the *scope* of discovery. Again, in refusing to "voluntarily produce" Palmer and Nealis for deposition, Volt Power argued that their depositions would exceed the appropriate boundaries of discovery. Volt Power continued to so argue in its briefing regarding the present motion. In the interests of justice, and with trial imminent, some instructive commentary is warranted.

On the present record, the depositions of Palmer and Nealis do not appear to exceed the scope of discovery. Given the course of events preceding the motion and this ruling, the Court would favor a request for leave to take the depositions. And the Court would expect reasonable cooperation and action from all counsel in compliance with Rules 1, 30, 37, and 45 of the Federal Rules of Civil Procedure.

In no event, however, should the parties expect any resulting effect upon the upcoming trial date.

IT IS HEREBY ORDERED that Shelton's Motion to Compel (ECF No. 89) is DENIED.

IT IS FURTHER ORDERED that Shelton's request for an award of expenses and attorney's fees under Fed. R. Civ. P. 37 is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 23rd day of September 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE